**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 08-5238**

———————

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

      v.

MELVIN TAYLOR,

              Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.   Liam O'Grady, District Judge.  (1:08-cr-00279-LO-1)

———————

Submitted:  June 11, 2009            Decided:  July 2, 2009

———————

Before WILKINSON, MOTZ, and DUNCAN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Gregory B. English, ENGLISH & SMITH, Alexandria, Virginia, for Appellant.   Dana J. Boente, Acting United States Attorney, Patricia T. Giles, Benjamin L. Hatch, Assistant United States Attorneys, Alexandria, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Melvin Taylor appeals the district court's judgment imposing his convictions and 192 month total sentence[*] following a jury trial for conspiracy to commit armed bank robbery in violation of 18 U.S.C. § 371 (2006), armed bank robbery in violation of 18 U.S.C. § 2 (2006) & § 2113(a) and (d) (2006), and use of a firearm during a crime of violence in violation of 18 U.S.C. § 2 and § 924(c)(1)(A) (West 2006 & Supp. 2008).

On appeal, Taylor first contends the district court erred in denying his requested jury instructions pertaining to his theory of defense, that Amobi Agu, a co-conspirator who testified against Taylor, lacked credibility. Because Taylor failed to object to the district court's failure to instruct the jury as he requested, we review for plain error. See United States v. Olano, 507 U.S. 725, 732 (1993); Fed. R. Crim. Proc. 30.

Declination of a requested jury instruction is reversible error only if the requested instruction "(1) was correct; (2) was not substantially covered by the court's charge

_____

[*] The district court sentenced Taylor to sixty months' imprisonment on Count 1, 108 months' imprisonment on Count 2 to run concurrent to Count 1, and eighty-four months' imprisonment on Count 3, to run consecutively to the sentences imposed on Counts 1 and 2, resulting in a total imprisonment term of 192 months.

to the jury; and (3) dealt with some point in the trial so important, that failure to give the requested instruction seriously impaired the defendant's ability to conduct his defense." United States v. Frazier-El, 204 F.3d 553, 562 (4th Cir. 2000) (quoting United States v. Queen, 132 F.3d 991, 1000 (4th Cir. 1997)). Even if a court erroneously uses or rejects a jury instruction, the verdict will be reversed "only when the error is prejudicial based on a review of the record as a whole." Ellis, 121 F.3d at 923. Because we find the charged jury instructions substantially covered the requested instructions, we find no error.

Next, Taylor contends that the district court erroneously interrupted his attorney's closing statement, thereby depriving him of a fair trial. Taylor failed to object to the district court's interruption. Accordingly, we review for plain error. Olano, 507 U.S. at 732. We find that the district court's comment was a routine and fair effort in furtherance of proper courtroom management, was not biased or prejudicial, and did not deprive Taylor of a fair trial. See United States v. Smith, 452 F.3d 324, 332 (4th Cir. 2006); United States v. Parodi, 703 F.2d 768, 775-76 (4th Cir. 1983). Therefore, we find no error.

Finally, Taylor contends the district court erred by refusing to seriously consider an imprisonment sentencing range

3

outside of the advisory guidelines for the offenses of conspiracy to commit bank robbery and armed bank robbery. We find that the district court considered the advisory nature of the guidelines range in consideration with the factors set forth in 18 U.S.C. § 3553(a) (2006), independently calculated a sentencing range, and imposed a reasonable sentence. See Gall v. United States, 128 S. Ct. 586, 596 (2007); United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007); United States v. Carter, __ F.3d __, 2009 WL 1110786, at *4, No. 08-4643 (4th Cir. Apr. 27, 2009). Accordingly, we affirm the district court's judgment.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4